IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DORIS BRODZINSKI,** | ) | **CASE NO.: 20-21864** |
| | ) | **Chapter 7** |
| Debtor. | ) | |

**MOTION TO LIFT – TERMINATE
AUTOMATIC STAY; ABANDONMENT
OF REAL ESTATE (2010 LINCOLN AVE.,
WHITING, INDIANA)**

Creditor FNA DZ, LLC, by counsel, files its Motion for Relief from the Automatic Stay, and Abandonment of Real Estate from this Chapter 13 estate.

Creditors motion is made pursuant to 11U.S.C.341(1), (2) and (3), 11U.S.C.362(d), and 11U.S.C.554(b), and B.R. 4001, and L.R.B-4001-1. Creditor moves the Court for an order terminating the automatic stay and abandoning real estate to enable Creditor to obtain a tax deed from the Lake County officiates for the following real estate:

> Real Estate commonly known as
> 2010 Lincoln Ave., (Hammond) Whiting, IN 46394
> Real Estate Property Tax #45-03-07-182-019.000-023

1) Secured Creditor FNA DZ, LLC is a creditor/interested party in this case. Secured creditor is the tax sale certificate holder and owner, by way of, and under, Indiana state law.

2) Debtor filed this Chapter 13 case on September 22, 2020.

3) Debtor listed and scheduled the above described real estate with a fair market value of $140,000.00. The Lake County Assessor has valued and assessed the property with a FMV of $159,700.00.

4) Debtor has listed and scheduled ownership of the above-real estate, and noted her interest as one-half interest (disputed) with Frank Lopez.

Debtor's proposed Chapter 13 Plan does not propose surrender or abandonment of the real estate. Debtor proposes to keep and maintain possession and use of this real estate.

5) Other than Creditor FNA DZ, LLC there are no other liens, mortgages or secured claims on the property. Secured Creditor is unaware of any other persons/entities that claim a lien or interest in the real estate.

6) FNA DZ, LLC has filed a proof of claim which details and describes Creditor's secured claim. At the commencement of this case, the amount of Creditor's claim was $91,422.45. The claim accrues interest at the rate of 5%. The full amount of creditor's claim was due and owing oat the commencement of the case.

7) Additional amounts and sums will be added to Creditor's claim for, and to include, further and future installments of real estate taxes assessed against the real estate.
At the commencement of the case the May 2019 pay 2020 installment of real estate taxes was delinquent and unpaid in the sum of $2,480.49; the November 2019 pay 2020 installment in the sum of $2,254.99 will be due and owing shortly.

8) Under I.C. 6-1.1-254.6, FNA DZ, LLC is now entitled to petition the Lake Circuit Court for deed and title to the above real estate.

9) Debtor's state law right to redemption, under relevant Indiana law, has now elapsed and terminated. The state law redemption time and period elapsed and terminated prior to the commencement of this Chapter 13.
The last day for state law redemption was September 3, 2020.

10) Creditor must, under I.C. 6-1.1-25-4.6, seek, and petition for, a tax deed.

11) Pursuant to Indiana state law, Creditor has 3 months, from the expiration of the redemption period to file, and seek, a tax sale deed. The deadline is December 3, 2020.

12) Secured Creditor lacks adequate protection, and cause exists to lift and terminate the automatic stay, for the following reasons, among others:

   A) The tax sale cannot be completed, and secured creditor's secured claim and lien cannot be fully perfected;

   B) The secured creditor will be "forced" to forfeit and loose remedies and recourse of its secured claim under state law;

    C) The secured creditor will be "forced" to forfeit and loose remedies and recourse of a portion of its payment incurred in the purchase of the tax sale certificate.

13) There is Sixty-Eight Thousand Eight Hundred Eighty Dollars and Thirty-Three ($68,880.33) Cents tax sale surplus funds held by the Lake County Treasurer.

14) Secured Creditor further lacks adequate protection because, among other reasons, the tax sale surplus cannot be refunded to the Secured Creditor because the real estate has not been redeemed, and because the Secured Creditor may be subjected to forfeiture of the tax sale surplus if a petition for tax deed is not filed within three (3) months after the end of the redemption period.
It will actually benefit Debtor, and make any confirmable Chapter 13 Plan more feasible, if Creditor is allowed to obtain tax deed. The surplus funds will then be released by State officials for the benefit of and application to, Plan funding.

15) Under applicable bankruptcy case law, and Indiana state law, Debtor cannot treat and deal with the claim of FNA DZ, LLC, as tax sale certificate holder without the consent of FNA DZ, LLC.

At the commencement of this case, Debtor does not have an interest in the above real estate that can treat Creditor's claim under 11U.S.C.1322(b).

16) It does not appear Debtor will be able to submit a confirmable Chapter 13 Plan unless Secured Creditor obtains a tax deed, which may then provide funds to pay allowed unsecured claims.

17) Pursuant to 11 U.S.C. 362, Secured Creditor is prohibited from filing a Petition for Tax Deed at this time.

18) Secured Creditor is, therefore, entitled to relief from the stay pursuant to 11 U.S.C. 361(1), (2), and (3), 362(d) and 363(c) and 11 U.S.C. 544(b).

19) Currently pending before this Court is Debtor's Chapter 13 Plan. Secured Creditor filed a timely objection to Debtor's proposed Chapter 13 Plan.

WHEREFORE, Secured Creditor request the following:

1) That the Court order that the stay is lifted for the purpose of allowing the Secured Creditor to petition the Lake Circuit Court for a tax deed.

2) That the Court order that the stay is lifted for the purpose of allowing the Secured Creditor to take all other necessary steps to obtain a tax deed.

3) That the above described real estate be abandoned.

4) Secured Creditor requests immediate hearing.

FNA DZ, LLC
Secured Creditor


By: /s:/ Kenneth A. Manning
    Kenneth A. Manning (9015-45)
    Attorney For Creditor
    Manning & Mouratides, P.C.
    120 West Clark Street
    Crown Point, Indiana 46307
    Phone: (219) 865-8376
    Email: trusteemanning@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, service of a true and complete copy of the above document was served by:

**Electronic mail service pursuant to Court's CM/ECF system, on the following counsel:**
United States Trustee – USTPRegion10.SO.ECF@usdoj.gov
David Dabertin - dabertin@netnitco.net
Paul Chael, Chapter 13 Trustee – paul@pchael13.com
**By U.S. Mail First Class Postage Prepaid:**
Doris Brodzinski, 2010 Lincoln Avenue, Whiting, IN 46394

                                       /s:/ Kenneth A. Manning
                                       Kenneth A. Manning