**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **DORIS BRODZINSKI,** | ) | **CASE NO.: 20-21864** |
| | ) | **Chapter 13** |
| **Debtor.** | ) | |

**AGREED ORDER REGARDING SECURED
CLAIM AND OBJECTIONS TO CHAPTER 13 PLAN
(FNA DZ, LLC)**

Debtor Doris Brodzinski, in person and by counsel, Secured Creditor FNA DZ, LLC, by counsel, stipulate and agree as follows:

**RECITALS**

1) Debtor filed Chapter 13 on September 22, 2020. Debtor has submitted a proposed Chapter 13 Plan, dated September 22, 2020. (Docket Entry 2)

2) Creditor FNA DZ, LLC has filed a proof of claim #3, asserting a secured claim pursuant to Indiana state law, as a tax sale certificate holder and owner of a statutory lien.

3) Creditor FNA DZ, LLC has filed objections to Debtor's proposed Chapter 13 Plan. (Docket Entry 18)

4) Debtor and Creditor FNA DZ, LLC wish to resolve the objection to Debtor's Chapter 13 Plan; determine the amount and extent of Creditor FNA DZ, LLC secured claim; and to have Debtor's Chapter 13 Plan, including any amended plans, immaterial modifications to the Chapter 13 Plan, and/or any modified – amended confirmed plans, provide for the allowance of Creditor FNA DZ, LLC secured claim and treatment of the secured claim of FNA DZ, LLC.

**ALLOWED SECURED CLAIM AND
PLAN TREATMENT – FNA DZ, LLC**

A) Creditor FNA DZ, LLC has sought, and will continue to seek and obtain a Tax Deed from the Lake County Auditor, and other appropriate county officials. An agreed order modifying the automatic stay will be filed to resolve Creditor's Motion to Lift Stay. Upon approval and entry by the

Court the automatic stay is further lifted and modified, to the fullest extent required, to allow Creditor FNA DZ, LLC to obtain a Tax Deed and legal title to the following real estate located in Lake County, Indiana:

> Address: 2010 Lincoln Ave., Whiting (Hammond) Indiana 46394
> Legal: West Park Add. L.3 BL.6 N, 10 feet, L.4, BL.6
> Parcel #: 45-03-07-182-019.000-023

Creditor FNA DZ, LLC is allowed to fully pursue and prosecute its petition for issuance of a Tax Deed to the above described real estate. Debtor Brodzinski hereby consents to the issuance of tax deed to FNA DZ, LLC. Upon obtaining the Tax Deed, Creditor FNA DZ, LLC will then have and hold title to the real estate, subject to Debtor's confirmed Chapter 13 Plan, the terms and conditions of this agreed order, and the full treatment and payment of creditor's secured claim.

B) Creditor FNA DZ, LLC shall be allowed, and have, a fully secured claim, as fully described and detailed in its proof of claim and this agreed order.

Initially, FNA DZ, LLC's secured claim shall be in the amount of $ 91,682.95 ; and be subject to further additions and increases for advances made post-petition by Creditor.

C) Commencing September 22, 2020 – the date Debtor's petition was filed, Creditor's secured claim shall be entitled to interest, pursuant to 11 U.S.C. 506 and 11 U.S.C. 511 and Indiana state law at the rate of 5%.

D) Creditor FNA DZ, LLC will retain its lien and secured claim upon the real estate commonly known as 2010 Lincoln Ave., Whiting, IN 46394 (including any "surplus" received by the Chapter 13 Trustee from the Lake County Auditor, and any insurance proceeds on, or arising from, the real estate) until payment in full of the underlying debt and secured claim of FNA DZ, LLC.

Upon payment in full, Creditor FNA DZ, LLC will release its secured claim by way of Quitclaim Deed and release to Debtor. Upon confirmation of Debtor's Chapter 13 Plan, with terms and conditions contained herein, Creditor FNA DZ, LLC will deliver and tender to the Chapter 13 Trustee such quitclaim deed and release. The Chapter 13 Trustee is authorized to release, and deliver, to Debtor the Quitclaim Deed upon full payment and satisfaction of FNA DZ, LLC's secured claim.

Debtor represents that the real estate (2010 Lincoln Ave., Whiting, IN) is, and has been, and will continue to be her (and her family) primary residence and homestead. It is contemplated Debtor will record, or cause to be recorded, a memorandum of real estate contract with the Recorder of Lake County, thereby making public record of Debtor's ownership and equitable interest to the real estate, and qualifying Debtor's interest for Indiana homestead and mortgage deductions.

Debtor's attorney will prepare said contract memorandum and deliver it to Creditor for execution upon Plan confirmation. Creditor FNA DZ, LLC will sign and execute such Memorandum for recording; it will be wholly Debtor's responsibility and cost to properly record such Memorandum pursuant to Indiana state law. Creditor FNA DZ, LLC makes no representations whatsoever as to Debtor's entitlement to, or qualification for, such deductions, exemptions, etc. under applicable Indiana real estate tax law.

E) Creditor FNA DZ, LLC's secured claim shall be paid and satisfied as follows:

→ FNA DZ, LLC will ble required to pay 2019 payable 2020 real estate taxes and assessments. FNA DZ, LLC will be required to pay $35.00 for recording of the Tax Deed, which shall be added to the allowed secured claim of FNA DZ, LLC.

→ A lump sum payment of any "surplus" received by Chapter 13 Trustee, from the Lake County Auditor shall be immediately paid and turned over to FNA DZ, LLC (anticipated $72,324.35 approximately). The parties agree the Chapter 13 Trustee shall be authorized, as representative of Debtor, to make application and claim for any "surplus" funds available to Debtor upon the issuance of the Tax Deed by the Lake County Auditor. Chapter 13 Trustee will not assess Trustee fee/commission on this "surplus" payment.

→ The balance (approximately $21,773.09) shall be paid by the Chapter 13 Trustee to Creditor FNA DZ, LLC in equal monthly payments together with interest.

→ The Chapter 13 Trustee shall make payment to secured Creditor FNA DZ, LLC; Debtor shall sufficiently fund her Plan to provide payments.

F) Covenants and additional obligations of Debtor during the pendency of the Chapter 13 case:

1) Debtor shall continue to occupy the real estate occupied as her/her family residence during the pendency of the Chapter 13 case.

2) Debtor shall be fully liable for, and pay, continued, future and further real estate taxes and assessments against, and upon, the real estate, commencing with installments 2019 payable May and November, 2020 and thereafter.

Debtor shall directly pay, and make payment to, the Lake County Treasurer; which payments will be in addition to Chapter 13 Plan payments made by the Chapter 13 Trustee. Notwithstanding, the provisions of this sub-paragraph, it is anticipated Creditor FNA DZ, LLC will be required to pay the May 2019 pay 2020 installment of real estate taxes and assessment owed to Lake County Treasurer; namely $ 4960 98 . Upon making such May 2020 payment Creditor will provide Debtor with receipt and proof of payment. Debtor shall immediately reimburse and pay Creditor FNA DZ, LLC directly for such payment by FNA DZ, LLC.

3) Debtor shall timely pay all homeowner association dues and assessments payable to any Homeowner Association, and provide to Creditor FNA DZ, LLC proof of payment.

4) Debtor will not enter into a lease of the real estate without the written consent of Secured Creditor.

5) Debtor shall be responsible for, and pay for and maintain property insurance on the real estate (namely fire, other hazards including "extended coverage" and other hazards such as floods, earthquakes, storms, etc.). Secured creditor shall be listed as additional "loss payee" and designated as additional party entitled to notice of cancellation and/or termination.

6) Debtor shall, within 30 days of the due date, provide Secured Creditor "proof of payment" of real estate taxes, homeowner association dues, and certificates of insurance periodically and for the term of the Chapter 13 case, and until Secured Creditor's claim is paid in full.

7) In the event Debtor fails to pay any future or further real estate taxes, and assessments, and homeowners association dues and assessments, provide insurance certificates of coverage, Secured Creditor, solely at its option and election, may pay the real estate taxes and assessment, pay homeowners association dues and assessments, or obtain appropriate property insurance. Upon doing so Secured Creditor, may, at its option and election, amend and supplement its proof of claim to include such payments and costs. Any such advances shall be entitled to interest, from the date of payment, at the rate of 10% pursuant to I.C. 6-1.1-22-1, also 34-55-11-1.

G) Events of Default. In the event of Debtor's default, Creditor FNA DZ, LLC may (but is not required to do so) apply to the Bankruptcy Court for an order terminating Debtor's ownership and equitable interest in and to the real estate. Creditor shall be entitled to keep and retain any payments made

and received by Creditor prior to default, and Creditor shall then own the real estate "free and clear" of any claim of Debtor.

After a 5 day notice/grace period – served upon Debtor, his counsel and Chapter 13 Trustee – Secured Creditor shall file with the Bankruptcy Court a Notice/Request for Termination of Debtor's interest to obtain an order of abandonment and forfeiture and termination of rights of Debtor to the real estate.

The following are "cause" for the filing of Creditor's Request for Termination of Debtor's Interest:

1) Dismissal, with or without prejudice, of Debtor's Chapter 13 case (including conversion to Chapter 7);

2) Failure of Debtor to obtain a confirmed Chapter 13 Plan by MAY 15, 2021;

3) Failure to make Plan Payments of a proposed and/or confirmed Plan including Chapter 13 Trustee's Motion to Dismiss for failure to make payments of $750.00, or more; and even if the motion is subsequently withdrawn or disposed by Agreed Order extending or increasing Plan payments.

4) Debtor's failure to timely pay future and further real estate taxes and assessments against and upon the real estate.

5) Breach or failure to comply with any of Debtor's covenants contained in Paragraph F, above.

H) It is Debtor's and Secured Creditor's intent and agreement this Agreed Order shall fully treat, and deal with, Secured Creditor's allowed secured claim in the Chapter 13 case, and any Chapter 13 Plan proposed by Debtor, including amended Plans, immaterial modification and/or post confirmation modifications of Debtor's Plan. It is further the intent and agreement of the parties that this Agreed Order shall be the equivalent of a conditional contract for the sale of real estate by Secured Creditor, as Seller, to Debtor, as Buyer, approved by the Bankruptcy Court. Debtor waives and releases any and all rights of redemption, foreclosure of lien, exemptions and objections to forfeiture upon the entry of order of default forfeiture and termination by the Bankruptcy Court.

/s:/ Doris Brodzinski
Doris Brodzinski, Debtor

By: /s:/ David Dabertin
David Dabertin (19314-45)
Attorney At Law
Attorney For Debtor
5246 Hohman Ave., Suite 302
Hammond, Indiana 46320
Phone: (219) 937-1719
Email: dabertin@netnitco.net

FNA DZ, LLC,
Creditor

By: /s:/ Kenneth A. Manning
Kenneth A. Manning (9015-45)
Manning & Mouratides, P.C.
Attorney for Creditor
120 West Clark Street
Crown Point, Indiana 46307
Phone: (219) 865-8376
Email: trusteemanning@gmail.com

/s:/ Paul Chael
Paul Chael, Chapter 13 Trustee
401 West 84th Drive, Suite C
Merrillville, Indiana 46410
Phone: (219) 650-4020
E-mail: paul@pchael13.com

**ORDER**

Examined, approved and so ordered this ____________ day of ____________________, 2020.

______________________________
**Judge, U.S. Bankruptcy Court**



Doris Brodzinski, Debtor

By: ______________________
David Dabertin (19314-45)
Attorney At Law
Attorney For Debtor
5246 Hohman Ave., Suite 302
Hammond, Indiana 46320
Phone: (219) 937-1219
Email: [illegible]

INA DZ, LLC
Creditor

By: ______________________
Kenneth A. Manning (9015-45)
Manning & Mourouzis, P.C.
Attorney for Creditor
120 West Clark Street
Crown Point, Indiana 46307
Phone: (219) 865-8376
Email: trusteemanning@gmail.com

______________________
Paul Chael, Chapter 13 Trustee
401 West 84th Drive, Suite C
Merrillville, Indiana 46410
Phone: (219) 650-4020
E-mail: [illegible]

**ORDER**

Examined, approved and so ordered this ______ day of ______________, 2020.

______________________
Judge, U.S. Bankruptcy Court